UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAPPHIRE SILOAM,                       Case No. 1:11-cv-175
    Plaintiff                                     Beckwith, J.

    vs

THE CHRIST HOSPITAL, et al.,           **REPORT AND RECOMMENDATION**
    Defendants

    Plaintiff, a resident of Cincinnati, Ohio, brings this action pro se against The Christ Hospital, and a Christ Hospital physician, nurse, and administrator. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a sua sponte review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

    In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see* 28 U.S.C. §§ 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An

action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not

do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted).

Plaintiff alleges that on March 23, 2010, she was admitted to the Christ Hospital emergency room. She alleges that she "was discriminated against" and "did not receive adequated (sic) care because of [her] race." (Complaint at 5). She spoke with the hospital's administrator about the situation and was told they "did nothing wrong." *Id*. Plaintiff seeks an order directing Christ Hospital to pay her emergency room bill. She also requests an apology from the doctor and nurse, and for the doctor and nurse to be suspended for one year. Plaintiff seeks $63 million in damages for "injuries that will go on for the rest of [her] life." *Id*. at 6.

Plaintiff's complaint fails to allege facts showing this Court has federal jurisdiction over her complaint. In addition, plaintiff's complaint fails to state a claim upon which may be granted in this federal court.

Assuming plaintiff seeks to invoke the Court's diversity jurisdiction under 28 U.S.C. § 1332(a) for purposes of a medical malpractice action, the complaint shows such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). For a federal court to have diversity jurisdiction pursuant to section 1332(a), the citizenship of the plaintiff must be "diverse from the citizenship of each defendant" thereby ensuring "complete diversity." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (citing *State Farm Fire & Casualty Co. v. Tashire*, 386 U.S. 523, 531 (1967)). In other words, for complete

diversity to exist the plaintiff must be a citizen of a different state than each of the defendants. *Caterpillar*, 519 U.S. at 68; *Napletana v. Hillsdale College*, 385 F.2d 871, 872 (6th Cir. 1967). In the absence of complete diversity, the Court lacks subject matter jurisdiction. *Caterpillar*, 519 U.S. at 68.

There is no complete diversity of citizenship in this case. The complaint indicates that both plaintiff and defendants are Ohio citizens. (Complaint at 4). Accordingly, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship.

To the extent plaintiff may be invoking the Court's federal question jurisdiction under 28 U.S.C. § 1331, the complaint provides no factual content or context from which the Court may reasonably infer that the defendants somehow violated plaintiff's federal rights under the laws or Constitution of the United States.

Assuming, arguendo, that plaintiff is alleging a claim of non-employment discrimination under 42 U.S.C. § 1981, the complaint fails to state a claim for relief. To state a claim for relief under § 1981, plaintiff must allege facts showing: (1) she is a member of a racial minority; (2) she sought to make or enforce a contract for services ordinarily provided by the defendants; and (3) she was denied the right to enter into or enjoy the benefits or privileges of the contractual relationship in that (a) plaintiff was deprived of services while similarly situated persons outside the protected class were not and/or (b) plaintiff received services in a markedly hostile manner and in a manner which a reasonable person would find objectively discriminatory. *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001). Here, plaintiff alleges she did not receive adequate care because of her race, but she fails to identify whether she is a member of racial minority. Nor does plaintiff allege any facts from which the Court could plausibly infer

that she was deprived of services provided to other similarly situated persons outside of the protected class, or that she received services in a markedly hostile or objectively discriminatory manner.  Her conclusory allegation that she was "discriminated against," without more, fails to give the Court or defendants fair notice of the substance of her discrimination claim.  *Erickson,* 551 U.S. at 93.  Plaintiff's complaint is tantamount to an unadorned "the-defendant-unlawfully-harmed-me accusation" prohibited by *Iqbal*, 129 S.Ct. at 1949 and should be dismissed.

Nor does plaintiff's complaint state a claim for relief under the Emergency Medical Treatment and Active Labor Act ("EMTALA"), 42 U.S.C. § 1395dd, *et. seq*.  EMTALA allows a private plaintiff to file a civil action against a "participating hospital" for "personal harm" suffered "as a direct result of a participating hospital's violation" of its requirements pertaining to emergency room screening and stabilization services.  § 1395dd(d)(2)(A).  *See Moses v. Providence Hospital and Medical Centers, Inc.*, 561 F.3d 573, 579 (2009); *see also Rodriguez v. Am. Int'l Ins. Co. of P.R.*, 402 F.3d 45, 48 (1st Cir. 2005).  Here, plaintiff alleges no facts whatsoever suggesting she suffered personal harm as a direct result of an EMTALA violation.  *See Burton v. William Beaumont Hosp.*, 373 F. Supp.2d 707, 716 (E.D. Mich. 2005).  Therefore, this claim should be dismissed.

In sum, the complaint provides no factual allegations from which the Court could reasonably infer that the defendants violated plaintiff's rights.  There is no logical construction of plaintiff's complaint from which the Court can divine a viable claim against the defendants over which the Court might have jurisdiction.

Accordingly, the Court concludes that plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3) and, in the alternative, for failure to

state a claim for relief. 28 U.S.C. § 1915(e)(2)(B).

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be **DISMISSED**.

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date: 3/25/2011                                                          s/Karen L. Litkovitz
                                                                                    Karen L. Litkovitz, Magistrate Judge
                                                                                    United States District Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

SAPPHIRE SILOAM,  Case No. 1:11-cv-175
    Plaintiff  Beckwith, J.

    vs

THE CHRIST HOSPITAL, et al.,
    Defendants

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).