IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Sapphire Siloam,                    )
                                    )
              Plaintiff,            ) Case No. 1:11-CV-175
                                    )
      vs.                           )
                                    )
The Christ Hospital, <u>et al.</u>, )
                                    )
              Defendants.           )

<u>O R D E R</u>

       This matter is before the Court on Magistrate Judge
Litkovitz's Report and Recommendation of March 25, 2011 (Doc. No.
4) <u>sua sponte</u> recommending that Plaintiff's complaint be
dismissed for lack of subject matter jurisdiction and/or for
failure to state a claim for relief and Plaintiff's objections to
the Report and Recommendation (Doc. No. 6).  For the reasons that
follow, Plaintiff's objections to the Report and Recommendation
are not well-taken and are **OVERRULED.**  The Court **ADOPTS** the
Report and Recommendation; Plaintiff's complaint is **DISMISSED
WITHOUT PREJUDICE.**

       Proceeding pro se, Plaintiff Sapphire Siloam filed a
complaint against The Christ Hospital, Dr. Frank Gabrin, Madeline
Kalamas, and Susan Croshore alleging that she was denied adequate
medical care because of her race during an emergency room visit
on March 23, 2010.  The complaint, however, did not cite any
statutory or constitutional basis for this claim.  Magistrate
Judge Litkovitz granted Plaintiff leave to proceed <u>in forma</u>

pauperis and then reviewed the complaint under 28 U.S.C. §
1915(e)(2)(B) to determine whether it should be dismissed because
it is frivolous, malicious, fails to state a claim upon which
relief may be granted, or seeks monetary relief from a defendant
who is immune from such relief.  To the extent the complaint
asserted a state law claim for medical malpractice, Judge
Litkovitz concluded that the Court lacks subject matter
jurisdiction pursuant to 28 U.S.C. § 1332 because there is not
complete diversity among the parties.  Judge Litkovitz also
concluded that the complaint failed to state any federal claim
for relief.  To the extent that the complaint was based on race
discrimination, Judge Litkovitz noted that Plaintiff failed to
allege that she is a member of a particular racial minority.
Judge Litkovitz also concluded that the complaint only set forth
conclusory claims of racial discrimination which failed to meet
the pleading standards set forth in Ashcroft v. Iqbal, 129 S. Ct.
1937 (2009).  Finally, Judge Litkovitz considered whether the
complaint stated a claim under the Emergency Medical Treatment
and Active Labor Act, 42 U.S.C. § 1395dd, et seq., but concluded
that it did not.  Consequently, Judge Litkovitz recommended that
the complaint be dismissed and Plaintiff be denied leave to
appeal in forma pauperis.

        Plaintiff filed timely objections to Magistrate Judge
Litkovitz's Report and Recommendation.  The Court reviews the

2

complaint and Plaintiff's objections <u>de novo</u> pursuant to Fed. R. Civ. P. 72(b).

Plaintiff's objections to the Report and Recommendation make it clear that her complaint is really a state law claim for medical malpractice. For instance, Plaintiff's objections state that Dr. Gabrin gave her medication but did not document it, that he was negligent in failing to look at her lab results, and that had he looked at her lab results he would have discovered she was anemic. Plaintiff also states that she has documents to prove that she was anemic when Dr. Gabrin examined her. Doc. No. 6, at 1. Thus, Judge Litkovitz correctly concluded that the Court lacks subject matter jurisdiction over the complaint due to the lack of complete diversity among the parties.

Plaintiff again makes a vague claim of discrimination in her objections but they make no sense and do not implicate any protected classification. For instance, Plaintiff states that she was treated differently because she asked the doctor to wash his hands. Plaintiff may also be attempting to reassert her conclusory allegation that she was treated differently because of her race, but her handwriting is illegible. In any event, as Magistrate Judge Litkovitz correctly determined, Plaintiff's claims of racial discrimination are wholly conclusory. There are no facts pled from which any inference can be drawn that Plaintiff was given inadequate medical care because of her race.

3

As just stated, even giving the complaint a liberal construction, Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011), the only reasonable inference to be drawn is that Plaintiff's claims are about medical malpractice.

Accordingly, Plaintiff's objections to the Report and Recommendation are not well-taken and are **OVERRULED**.  The Court **ADOPTS** the Report and Recommendation.  The complaint is **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.  The Court certifies pursuant to 28 U.S.C.A. § 1915(a)(3) that an appeal of this order would not be taken in good faith, and therefore **DENIES** Plaintiff leave to appeal in forma pauperis. See Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).


**IT IS SO ORDERED**


Date April 18, 2011          s/Sandra S. Beckwith
                             Sandra S. Beckwith
                     Senior United States District Judge

4